**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Martin Allen WILLSEY, Defendant–
Appellant.**

No. 03–35181, 03–35184, 03–35190,
03–35191, 03–35192, 03–35198.

D.C. Nos. CV–02–00186–HJF, CR–00–00518–HJF, CV–02–00183–FR, CR–00–00506–FR, CV–02–00187–HJF, CR–00–0538–HJF, CV–02–00184–HJF, CR–00–0507–1–HJF, CV–02–00172–HJF, CR–00–00438–1–HJF, CV–02–00185–HJF, CR–00–00517–HJF.

United States Court of Appeals,
Ninth Circuit.

Submitted July 15, 2004.*

Decided July 22, 2004.

R.APP. P. 34(a)(2).

Baron C. Sheldahl, Esq., USPO—Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Craig J. Gabriel, Esq., Ransom & Blackmon, LLP, Portland, OR, for Defendant–Appellant.

Before REAVLEY,** W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM ***

Martin Willsey appeals the denial of his motion for post-conviction relief under 28 U.S.C. § 2255. We affirm for the following reasons:

1. Willsey complains that his counsel was ineffective in failing to move to suppress confessions given in three interviews, and failing to move to suppress evidence gathered pursuant to search warrants for his vehicle and home. The search warrants were obtained through affidavits relying in part on the first of the three interviews.

2. To establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong "requires showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Under the first prong, *Strickland* recognizes that "[j]udicial scrutiny of counsel's performance must be highly deferential," and that

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. Rule 36–3.

"a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. To meet the prejudice requirement, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

3. In the context of a guilty plea, the effectiveness of counsel is measured by the standards set out in *Strickland.* *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The question to be asked in analyzing the prejudice requirement is whether, but for the counsel's errors, the petitioner would not have pleaded guilty and would have proceeded to trial. *See id.* at 59, 106 S.Ct. 366.

 4. Regarding the interviews, Willsey makes a plausible argument that a motion to suppress the first interview would have succeeded on grounds that it was not " 'the product of a rational intellect and a free will.' " *Mincey v. Arizona,* 437 U.S. 385, 398, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) (quoting *Blackburn v. Alabama,* 361 U.S. 199, 208, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960)). However, because Willsey has failed to show that moving to suppress the second and third interviews had any reasonable chance of success, we conclude that his counsel was not constitutionally ineffective in not moving to suppress these interviews. Although Willsey was still medicated and in the hospital during his second and third interviews, the record does not demonstrate that he was lacking his mental faculties or deprived of his free will. Moreover, under the second prong of *Strickland,* Willsey fails to show that filing a motion to suppress the second and third interviews would have been rea-

sonably likely to alter the course of the plea negotiations and his ultimate decision to plead guilty.

 5. Similarly, regarding the search warrants, even if counsel had filed a successful motion to suppress the first interview, we think that the government inevitably would have proceeded to obtain the identical warrants based on the untainted second and third interviews and other evidence detailed in the search warrant affidavits. *See Nix v. Williams,* 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). Willsey does not show a reasonable probability that moving to suppress the evidence obtained through the warrants, on grounds that the first interview was involuntary, would have altered the course of the plea negotiations or his decision to plead guilty.

AFFIRMED.